UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Dwayne Deleston,                                     Civil No. 13-cv-2733 (JNE/SER)

      Petitioner,

v.                                                   **REPORT AND RECOMMENDATION
                                                     AND ORDER**

Warden Denese Wilson,

      Respondent.

---

    Dwayne Deleston, *Pro Se*, #96350-071, FCI Sandstone, P.O. Box 1000, Sandstone, Minnesota 55072.

    Richard Newberry, Esq., United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondents.

---

STEVEN E. RAU, United States Magistrate Judge

    The above-captioned case comes before the undersigned on Petitioner Dwayne Deleston's ("Deleston") Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 1], Deleston's Amended Petition for Writ of Habeas Corpus ("Amended Petition") [Doc. No. 4], and Respondent Warden Denese Wilson's (the "Government") Motion to Dismiss or Transfer ("Motion to Dismiss") [Doc. No. 11]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying Deleston's Petition and his Amended Petition and granting the Government's Motion to Dismiss. In addition, the Court orders Deleston and the Government to file redacted versions of certain exhibits consistent with this Order.

I.   **BACKGROUND**

Deleston, an inmate at the Federal Correctional Institution in Sandstone, Minnesota, is serving a 240-month prison sentence imposed by the United States District Court for the District of South Carolina. *See* (Judgment, *U.S. v. Deleston*, No. 2:99-cr-751-6 "Judgment", Ex. B) [Doc. No. 12-1]. Deleston filed multiple § 2241 habeas petitions in this District and had restrictions placed on his filings. *See* Order, *Deleston v. Fisher*, No. 12-cv-3006 (RHK/SER) [Doc. No. 15 at 2]; USAC Judgment, *Deleston v. Fisher*, No. 12-cv-3006 (RHK/SER) [Doc. No. 27]. The Honorable Richard H. Kyle reviewed Deleston's instant Petition and approved the filing of this case. Deleston's Petition pursuant to § 2241 was filed on October 1, 2013, and he then filed an Amended Petition pursuant to § 2241 on November 22, 2013. (Pet.); (Am. Pet.).

In a previous action brought in the District of South Carolina, the Court provided the following history of Deleston's criminal case:

> On October 30, 2000, the petitioner pled guilty to one count of possessing with intent to distribute 50 grams or more of crack cocaine. On January 19, 2001, he was sentenced to the statutory mandatory minimum of 240 months imprisonment. The United States Court of Appeals for the Fourth Circuit denied his direct appeal on November 30, 2001, and the United States Supreme Court denied certiorari on April 1, 2002.
>
> On January 2, 2002, the petitioner filed a motion pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 1651(a), which the court construed as a 28 U.S.C. § 2255 motion and dismissed on November 12, 2002. The petitioner subsequently filed a § 2255 motion on November 18, 2002, and the court dismissed that motion as successive. The petitioner appealed those decisions, and the Fourth Circuit vacated and remanded, determining that the petitioner was entitled to notice of the court's decision to re-characterize his first motion and the consequences of doing so. The petitioner then filed another § 2255 motion on December 20, 2004, which the court considered on the merits and dismissed on May 2, 2005.
>
> Despite the dismissal of his § 2255 motion on the merits, the petitioner has continued to file § 2255 motions (either explicitly titled as such or otherwise so designated by the court). One such motion was filed on June 8, 2009, accompanied by a motion for an evidentiary hearing, and a motion for recusal.

> The court dismissed the § 2255 motion, and denied the petitioner's motions for evidentiary hearing and for recusal on December 9, 2009. The petitioner then filed a § 2241 petition six days after that order was entered. Deleston now files the instant § 2241 petition in another attempt to set aside his conviction and sentence.

*Deleston v. Warden*, No. 6:10-2036, 2010 WL 3825399, at *1 (D.S.C. Sept. 8, 2010) (internal citations omitted).

In the present action, Deleston is once again attempting to challenge his 2001 South Carolina criminal conviction and sentence. Deleston argues for a correction of his sentence pursuant to *Decamps v. U.S.*, 133 S. Ct. 2276 (2013). (Pet. at 4). The Petition lists one claim for relief and accompany facts, which are as follows:

> The prisoner is serving beyond the sentence statutorily authorized pursuant to the erroneous application of the mandatory career offender guideline. The district court used a South Carolina July 16, 1997, judicial proceeding within the meaning of § 44-53-450(A) for possession of crack which does not qualify as a prior felony conviction that has become final for § 4B1.1 purposes and the instant federal conviction under 21 U.S.C. § 841(a)(1) by law proscribes a mandatory guideline range of 87 to 108 months of imprisonment. Under *Descamps*, the categorical approach used in this case was erroneous (See attachments(s)) because the prisoner does not have a prior felony drug conviction.

(*Id.* at 3). Deleston states that he filed his Petition pursuant to § 2241 instead of § 2255 because

> [a]t the time of sentencing, settled law of the U.S. Supreme Court established the legality of the sentencing until the decision in *Descamps v. U.S.*, 133 S. Ct. 2276, 186 L.Ed 2d 438 (2013), and [he] cannot satisfy the [requirements] . . . of 28 U.S.C. § 2255 because the new rule announced in *Descamps* is one of statutory interpretation, not one of constitutional law.

(*Id.* at 4).

In his Amended Petition, Deleston is again challenging his 2001 South Carolina criminal conviction and sentence. *See* (Am. Pet.). Deleston argues that he has served beyond the sentence required by law for his convicted offense based on the retroactive rule announced in

3

*United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). (*Id.* at 1). The Amended Petition lists one claim for relief, which is as follows, "[t]he underlying 1997 South Carolina, state court conviction is invalid to support the prison term beyond the maximum guideline range for the offense of conviction because it was not for an offense punishable by more than one year in prison and petitioner should be immediately released from federal prison." (*Id.* at 1–2) (supporting facts omitted). Deleston argues in his Reply that he cannot satisfy the § 2255 requirements because *Simmons*, like *Descamps*, announced a rule of statutory interpretation, not constitutional law, that is retroactive and it could not have been argued in his first § 2255 petition. (Deleston's Reply to Mot. to Dismiss, "Deleston's Reply") [Doc. No. 13 at 4–6]. Deleston also argues that § 2241 is the proper remedy because his "sentence enhancement [may] have been a grave enough error to be deemed a miscarriage of justice[.]" (*Id.*).

## II. DISCUSSION

### A. Legal Standard

A motion under 28 U.S.C. § 2241 challenges the **execution** of a sentence while a motion under 28 U.S.C. § 2255 challenges the **imposition** of a sentence. *See, e.g.*, *Aragon-Hernandez v. United States*, 13-CV-2218 (SRN/AJB), 2014 WL 468266, at *2 (D. Minn. Feb. 6, 2014) (citing *Mickelson v. United States*, No. 01–1750 (JRT/SRN), 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002)). "A motion under [§] 2255 is the exclusive remedy available to a federal prisoner asserting a collateral challenge to his conviction or sentence, except under limited circumstances where the remedy under [§] 2255 would be 'inadequate or ineffective.'" *Id.* (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)). This means "[a] petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and

4

cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Abdullah*, 392 F.3d at 959.

A petitioner bears the burden of showing that § 2255 relief is inadequate or ineffective; § 2255 provides:

> [a]n application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* (quoting 28 U.S.C. § 2255(e)). The "inadequate or ineffective" exception is sometimes called the "savings clause," because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule. *See id.*

Section 2255 does not define "inadequate or ineffective." Courts have interpreted "inadequate or ineffective" very narrowly. To satisfy § 2255's "inadequate or ineffective" requirement, "a petitioner cannot rely on that fact that there is a procedural barrier to bringing a § 2255 petition, such as a remedy being time-barred, and the petition cannot be based on the assertion that the claim was previously raised in a § 2255 motion and denied." *Lapsley v. United States*, No. 11-CV-20 (RHK/JSM), 2012 WL 2904766, at *6 (D. Minn. June 6, 2012) *report and recommendation adopted*, 2012 WL 2905605 (July 16, 2012). Also, § 2255 is not inadequate or ineffective, "where a petitioner had any opportunity to present his claim beforehand." *Abdullah*, 392 F.3d at 963. Finally, § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions. *United States ex rel Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061–62 (8th Cir. 2002). "A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial

5

correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

To be inadequate or ineffective, the Eleventh Circuit has explained that two conditions must be satisfied:

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

*Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013). In certain situations, thus, jurisdiction over a § 2241 petition may exist when there has been a change in the applicable law and that change has been deemed retroactively applicable. *See In re Davenport*, 147 F.3d at 611–12.

**B. Analysis**

The savings clause is jurisdictional. "[T]he "savings clause" of § 2255 . . . provides the court of incarceration as having subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *see Swehla v. Wilson*, No. 13-CV-1919 (SRN/JJK), 2013 WL 6190379, at *9 (D. Minn. Nov. 27, 2013) ("[The petitioner] is challenging the imposition or validity of his sentence, not its execution, and as a result we only have jurisdiction over his [p]etition under § 2241 if the remedy by motion under § 2255 would be inadequate and ineffective.") (emphasis omitted). As an initial matter, thus, the Court must consider whether it has subject matter jurisdiction over Deleston's claims.

### 1. Petition

Deleston argues § 2241 is his only option because he "the new rule announced in *Descamps* is one of statutory interpretation, not one of constitutional law." (Pet. at 4). This argument, however, is not raised again in Deleston's Amended Petition. *See* (Am. Pet.).

The Government argues that § 2255 is still available to Deleston because his claim is not time-barred under § 2255(f). (Gov't's Resp. and Mot. to Dismiss or Transfer, "Gov't's Mem. in Supp.") [Doc. No. 10 at 4–5]. The Government argues that the Supreme Court announced its decision in *Descamps* on June 20, 2013, meaning Deleston is within the one year period prescribed by § 2255(f)(3) and he can bring a § 2255 claim. (*Id.*). Therefore, according to the Government, the savings clause does not apply because Deleston could seek permission to bring a successive § 2255 petition pursuant to 28 U.S.C. § 2244(b)(2). *See* (*id.*). The Government also argues that *Descamps* is inapplicable to Deleston's case. (*Id.* at 6).

In *Descamps*, the Supreme Court explained that a sentencing court employs either a "categorical" or a "modified categorical approach" in deciding whether a past conviction qualifies as a violent felony for the purposes of the Armed Career Criminal Act's ("ACCA") provision that increases the sentences of certain federal defendants with three prior convictions. 133 S. Ct. at 2281–82. Under the categorical approach a sentencing court

> compare[s] the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime—*i.e.*, the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense.

*Id.* at 2281. If the elements do not match, the prior conviction cannot be employed as a predicate offense to determine the defendant was a career offender. *See id.* The "modified categorical approach" only applies to divisible statutes, which are those that "set[] out one or more elements

of the offense in the alternative . . . ." *Id.* When employing the "modified categorical approach," a sentencing court can

> consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Id.*

*Descamps* addressed whether a sentencing court could employ the "modified categorical approach" to a defendant convicted under an indivisible statute, one without alternative elements, that "criminalizes a broader swath of conduct than the relevant generic offense." *Id.* at 2281–82. Specifically, the Court addressed a prior conviction pursuant to a California burglary statute that criminalized entry into a building but did not require that entry to be unlawful, which was used to sentence the federal defendant as a career offender. *Id.* at 2282. The California burglary law went beyond the generic definition of burglary by not requiring entry to have been unlawful. *Id.* The Supreme Court held that in such a case a sentencing court cannot employ the "modified categorical approach." *Id.* at 2283, 2293. A court may use the modified categorical approach "only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction[,]" and may not use the "modified categorical approach" to "look behind [the defendant's] conviction in search of record evidence that he actually committed the generic offense." *Id.* at 2293.

Deleston urges application of *Descamps* to his case because the sentencing court improperly used his South Carolina state court conviction for possession to enhance his federal sentence as a career offender under United States Sentencing Guidelines ("U.S.S.G.") 4B1.1(a), which provides

8

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.2(b) defines "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Deleston argues "the categorical approach [used by the sentencing court] in this case was erroneous because [he] does not have a prior felony drug conviction." (Pet. at 3) (internal citations omitted). Effectively, Deleston seems to argue because U.S.S.G. 4B1.1 requires that a controlled substance offense be one of drug trafficking, his conviction for simple possession should not have been used to render him a career offender under U.S.S.G. 4B1.1, which increased his sentence. *See* (Pet.). According to Deleston, his sentence violates *Descamps*, but he could not have raised the issue in a timely fashion in his earlier proceedings because *Descamps* was decided after his appeals, and announced a rule of statutory interpretation. (*Id.* at 4).

The Supreme Court in *Descamps*, however, did not purport to be adopting a new rule of law, rather its ruling was dictated by prior precedent. In *Descamps*, the Court stated "[o]ur caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case." *Descamps*, 133 S. Ct. at 2283. Because *Descamps*'s rule was dictated by prior precedent, Deleston had an adequate opportunity to raise his sentencing claim. The Court, thus, finds that Deleston is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in his direct appeal, and again in his various § 2255 motions.

He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current claims in his direct appeal or his prior § 2255 motions. *See Hill*, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing district").

Here, as in *Abdullah*, Deleston had an opportunity to present his current arguments on direct appeal, and in his past § 2255 motions. As the Court of Appeals pointed out in *Abdullah* –

> [T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."

392 F.3d at 963 (quoting *Wolford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)).

Based on *Abdullah*, the Court finds that the savings clause does not apply to Deleston's current claims, because he has not shown that his claims are based on any recent change in the law as *Descamps* did not announce a new rule of law, it announced a rule dictated by prior precedent.

Moreover, "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)." *Gilbert v. United States*, 640 F.3d 1293, 1312–16 (11th Cir. 2011) (citing the Second, Third, Fifth, and Seventh Circuits as also applying this rule). The Eighth Circuit has explained "'that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim.'" *Meirovitz v. United States*, 688 F.3d 369, 371 (8th Cir. 2012) *cert. denied*, 133 S. Ct. 1248 (2013) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)).

Deleston's § 2241 claim in his Petition, based on *Descamps*, therefore, must be dismissed because the savings clause does not apply. The Court, thus, lacks subject matter jurisdiction over the Petition.

Even if the Court were to find the savings clause applicable and reached the merits of Deleston's claim, his claim would still fail because *Descamps* is inapplicable. Deleston was not sentenced as a career offender under U.S.S.G. 4.1B1. Deleston was actually sentenced pursuant to a mandatory minimum sentence of twenty years under 18 U.S.C. §§ 841(a)(1), (b)(1)(A) because of his prior felony drug possession conviction.[1] *See* (Information, *U.S. v. Deleston*, No. 2:99-cr-751-18, Ex. A) [Doc. No. 12] (providing notice to Deleston pursuant to 21 U.S.C. § 851 that he was subject to increased penalties provided by 21 U.S.C. § 841 and § 846 because of his previous South Carolina conviction for possession of crack cocaine);[2] (Judgment) (imposing sentence of 240 months of imprisonment subject to 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and explaining there was an applicable mandatory minimum of 20 years imprisonment, making the guideline range 240 months of imprisonment).

### 2.  Amended Petition

In his Amended Petition, Deleston argues his prior South Carolina state court conviction for possession could not properly be used to enhance his prison sentence. (Am. Pet. at 1–2). Deleston bases his argument on the Fourth Circuit's decision in *United States v. Simmons*, which he argues was made retroactively applicable on collateral review in *Miller v. United States*. (*Id.*).

---

[1] Title 21 U.S.C. § 841(a)(1) defines an "unlawful act" and provides: "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Title 21 U.S.C. § 841(b) then provides the applicable penalties for a violation of subsection a. Title 21 U.S.C. § 841 and § 851 allow the use of a prior felony drug conviction for simple possession, unlike the U.S.S.G., which requires that the prior conviction must have been for drug trafficking.

[2] Title 21 U.S.C. § 851 governs proceedings to establish prior convictions.

As an initial matter, Deleston's claim is not predicated upon Supreme Court authority; rather it is based on Fourth Circuit law.  Some courts have found the savings clause does not apply to decisions of statutory interpretation from the circuit courts.  *See Taylor v. Edenfield*, No. 6:13-202, 2014 WL 657989, at *4 (E.D. Ky. Feb. 19, 2014) ("[A] claim under the savings clause must be predicated upon decisions of statutory interpretation issued by the Supreme Court, not the circuit courts.").  Deleston was sentenced in a district court bound by Fourth Circuit law.[3]  *See* (Judgment).  Here, the Court finds that even if the savings clause could apply to rules from the circuit courts of appeal, Deleston's claim in the Amended Petition fails.  It is unnecessary, therefore, for the Court to decide the issue of whether the savings clause applies to rules from the circuit courts of appeal.

In *Simmons*, "[t]he [Fourth Circuit] held that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence." *Miller v. United States*, 735 F.3d 141, 144 (4th Cir. 2013) (citing *Simmons*, 649 F.3d at 244).  In *Miller*, the Fourth Circuit explained that *Simmons* "announced a new substantive rule that is retroactive on collateral review." *Id.* at 147.  The Fourth Circuit, however, has explained that the savings clause only preserves claims of actual innocence of convictions, and not the innocence of a sentencing factor. *See United Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) (citing *United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008)); *see also See Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims.").  Because Deleston is not

---

[3] The Government did not address the claims contained in Deleston's Amended Petition in their Motion to Dismiss ,even though the Amended Petition was filed before the Government's Motion. *See* (Am. Pet.); (Mot. to Dismiss).

claiming he is actually innocent of the crime for which he was convicted and instead challenges the use of his underlying South Carolina conviction for the extension of his sentence under 21 U.S.C. § 841, the savings clause does not apply to his claim. As explained above, the savings clause is jurisdictional and Deleston's § 2241 claim in his Amended Petition must be dismissed because the savings clause does not apply, meaning the Court does not have subject matter jurisdiction over the Amended Petition.

### C. Unredacted Submissions

Upon the Court's review of the attachments with the following document and CM/ECF-assigned page numbers: [Doc. No. 1-2 at 3]; [Doc. 4-1 at 2]; and [Doc. No. 12-1 at 1], the Court became concerned that these pages contained an unredacted Social Security Number and birth date for Deleston. The Court believes this information should be redacted pursuant to Federal Rule of Civil Procedure 5.2. Therefore, the Court directs Clerk of Court to file Document Numbers 1-2, 4-1, and 12-1 under seal. Deleston is ordered to file a redacted version of the attachments included at Document Numbers 1-2 and 4-1 for public filing with thirty (30) days of this Order. The Government is ordered to file a redacted version of the attachment included at Document Number 12-1 for public filing within thirty (30) days of this Order.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Clerk of Court file the attachments at Document Numbers 1-2, 4-1, and 12-1 under seal;

2. Deleston must file a redacted version of the attachments at Document Numbers 1-2 and 4-1 for public filing with thirty (30) days of this Order; and

3. The Government must file, via CM/ECF, a redacted version of the attachment included at Document Number 12-1 for public filing within thirty (30) days of this Order.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Deleston's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED**;

2. Deleston's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 4] be **DENIED**;

3. Respondent's Motion to Dismiss the Petition [Doc. No. 11] be **GRANTED**; and

4. This case be **DISMISSED**.

Dated: May 22, 2014

*s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **June 5, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.